UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. UKUOWGEE, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00714-BAK (EPG) (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL<br><br>(ECF No. 2)<br><br><u>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS</u><br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.  BACKGROUND**

Plaintiff Marvin Harris is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff filed a complaint and a motion to proceed *in forma pauperis* on June 14, 2022. (ECF Nos. 1, 2.) Because the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court recommends that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

**II.  THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis* ("IFP"). The statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the Prison Litigation Reform Act is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Not all dismissed cases qualify as a strike under section 1915(g). *King*, 398 F.3d at 1121. In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *Id.* at 1116 n.1 (internal quotations omitted).

Once a prisoner has accumulated three strikes, he or she is prohibited by 28 U.S.C. § 1915(g) from pursuing any other IFP action in federal court unless he can show he or she is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting section 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). To meet this burden, Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *Herbaugh*, 2018 WL 5024802, at *2 (quoting *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is

2

real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002); *see Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.").

Additionally, to qualify for the imminent danger exception, the plaintiff must show a nexus between the imminent danger alleged and the claims asserted.

> In deciding whether such a nexus exists, the court will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*].

*Stine v. Fed. Bureau of Prisons*, No. 1:13-cv-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)). Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. *Cervantes*, 493 F.3d at 1055 (9th Cir. 2007).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), the proper procedure is to dismiss the case without prejudice because the filing fee is required when the action is initiated. *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)). A plaintiff may still pursue his or her claims if he or she pays the civil and administrative filing fees required by 28 U.S.C. § 1914(a).

**III.  DISCUSSION**

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Here, the Court takes judicial notice of the following cases filed by Plaintiff[1] and dismissed for frivolousness or failure to state a claim, each of which counts as a "strike":

(1)  *Harris v. Edmonds*, Case No. 1:00-cv-07160-REC-SMS (E.D. Cal.) (dismissed on May 24, 2002, for failure to state a claim);

(2)  *Harris v. Virga*, Case No. 2:13-cv-00932-GEB-AC (E.D. Cal.) (dismissed on July 8, 2013, as frivolous);

---

[1] In his complaint, Plaintiff indicates that he has not filed any other lawsuits as a prisoner. (ECF No. 1 at 2.)

3

  (3) *Harris v. Harris*, Case No. 2:14-cv-00977-KJM-KJN (E.D. Cal.) (dismissed on July 31, 2014, as frivolous and for failure to state a claim); and

  (4) *Harris v. Campell*, Case No. 1:18-cv-01659-DAD-JLT (E.D. Cal.) (dismissed on April 30, 2020, for failure to state a claim and failure to obey a court order).

  Based on the foregoing, the Court finds that Plaintiff had at least three "strikes" prior to filing this action.[2] Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052–53.

  The Court has reviewed Plaintiff's complaint. (ECF No. 1.) Plaintiff states that he was housed at Substance Abuse Treatment Facility and State Prison, Corcoran, and was blind in both eyes due to glaucoma. Plaintiff appears to allege that Defendant Dr. Ukuowgee and RN John Doe (collectively, "Defendants") retaliated against Plaintiff because he filed a CDCR 602 inmate appeal regarding unprofessional conduct by Dr. Ukuowgee. In particular, Plaintiff alleges that on May 12, 2022, Defendants engaged in "false medical record intimidation," removed Plaintiff's DLT and DPV disability placement codes,[3] and took away his blind cane and vision impaired vest. Plaintiff also asserts that Defendants discriminated against Plaintiff by denying him from receiving DPV code program benefits and services because of his disability, in violation of the Americans with Disabilities Act.

---

[2] This Court, in *Harris v. C.*, Case No. 1:21-cv-01685-BAM (PC) (E.D. Cal. Dec. 6, 2021), surveyed these and earlier cases that count as strikes: (1) *Ripple v. Gomez*, Case No. 1:96-cv-05284-REC-SMS (E.D. Cal.) (dismissed on April 29, 1996, as frivolous); (2) *Harris v. Rehnquist*, Case No. 1:96-cv-01304-UNA (D.D.C.) (dismissed on June 11, 1996, for failure to state a claim); (3) *Harris v. Higgins*, Case No. 1:96-cv-01420-UNA (D.D.C.) (dismissed on June 19, 1996, for failure to state a claim); (4) *Harris v. Hickey*, Case No. 1:96-cv-05770-GEB-HGB (E.D. Cal.) (dismissed on April 7, 1997, as frivolous); (5) *Harris v. Hickey*, Case No. 1:97-cv-05186-REC-HBG (E.D. Cal.) (dismissed on July 28, 1997, as frivolous); (6) *Harris v. Coyle*, Case No. 1:97-cv-05508-AWI-DLB (E.D. Cal.) (dismissed on January 21, 1999, as frivolous, as malicious, and for failure to state a claim); (7) *Harris v. Glass*, Case No. 2:00-cv-00937-DFL-DAD (E.D. Cal.) (dismissed on August 17, 2000, for failure to state a claim); (8) *Harris v. Edmonds*, Case No. 1:00-cv-05857-OWW-LJO (E.D. Cal.) (dismissed on November 27, 2000, for failure to state a claim); and (9) *Harris v. Pliler*, Case No. 2:01-cv-01125-WBS-DAD (E.D. Cal.) (dismissed on March 15, 2002, for failure to state a claim).

[3] DLT applies to individuals who require a relatively level terrain or path of travel due to mobility issues. These individuals may or may not use a walking device. DPV applies to individuals with severe vision impairment and requires them to wear vision impaired vests when outside the bed or cell area. *See* Disability Placement Codes, https://prisonlaw.com/wp-content/uploads/2020/08/20.08.19-Doc-3048-1-Exhibit-A.pdf (last visited June 23, 2022).

Even construing the complaint in a light most favorable to Plaintiff, the Court finds that the allegations in the complaint to not indicate that there was a real and imminent threat to Plaintiff's personal safety at the time of filing the complaint.  As described above, Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin*, 319 F.3d at 1050.  Plaintiff has provided no such allegations in this case.

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court recommends that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

### III. CONCLUSION

The Court finds that under 28 U.S.C. § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 2), be denied; and
2. Plaintiff be ordered to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **Within fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is ORDERED to assign a district judge to this case.
IT IS SO ORDERED.

Dated:  **June 23, 2022**                           /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE