UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. OKUOWGEE,<br><br>    Defendant. | Case No. 1:22-cv-00714-ADA-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS CASE WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE THIS CASE<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Marvin Harris is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. On June 14, 2022, Plaintiff initiated this action by filing a complaint asserting claims of retaliation, deliberate indifference, and an ADA violation. (ECF No. 1.) At the same time, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.)

On June 23, 2022, the assigned magistrate judge issued findings and recommendations to deny Plaintiff's IFP application pursuant to 28 U.S.C. § 1915(g) and require Plaintiff to pay the $402.00 filing fee in full if he wanted to proceed with the action. (ECF No. 9.) The recommendation was based on a finding that Plaintiff had at least three "strikes" and was not in imminent danger of serious physical injury at the time he filed the complaint. (*Id.*) The Court advised Plaintiff that he could file written objections to the findings and recommendations within fourteen days. (*Id.*) The deadline passed, and Plaintiff filed no objections.

On September 29, 2022, the Court entered an order adopting the findings and recommendations, denying Plaintiff motion to proceed IFP, and requiring Plaintiff to pay the $402.00 filing fee for this action within thirty days. (ECF No. 11.) The Court advised Plaintiff: "Failure to pay the required filing fee in full within the specified time will result in the dismissal of this case." (*Id.* at 2.) The deadline passed, and Plaintiff failed to pay the required filing fee.

Because of Plaintiff's failure to comply with this order and advance the litigation, the Court finds it appropriate to recommend entry of an order dismissing this action without prejudice.

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 429 U.S. 829 (1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order), *cert denied*, 488 U.S. 819 (1988); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or failure to prosecute, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260–61). "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal.*

*Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, the first factor weighs in favor of dismissal.

With respect to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . .  It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ."  *Pagtalunan*, 291 F.3d at 642.  Here, Plaintiff's failure to submit an application to proceed *in forma pauperis* or pay the filing fee as ordered by the Court is consuming the Court's limited time.  It is also delaying resolution of this case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

As to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."  *Id*. at 643.  Because Plaintiff's failure to comply with the Court's order has stalled this litigation, the third factor weighs in favor of dismissal.

Lesser sanctions than dismissal would not be satisfactory to protect the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration and *in forma pauperis* status, monetary sanctions would be ineffective.  Plaintiff has apparently decided to stop prosecuting this case, so excluding evidence would be a meaningless sanction.  Additionally, the dismissal being considered in this case is without prejudice, stopping short of the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  *Id.* (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, the Court notes that it is Plaintiff's inaction – demonstrated by his failure to object to the recommendation that is IFP application be denied and his failure to comply with the Court's order to pay the filing fee – that is preventing the Court from resolving Plaintiff's claims on the merits.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, it is HEREBY RECOMMENDED:

1. This case be dismissed without prejudice for Plaintiff's failure to comply with a court order and to prosecute this case; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 16, 2022**

UNITED STATES MAGISTRATE JUDGE

4